UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:09-CV-231 *Collier / Lee* |
| SARATH B. GANGAVARAPU, | ) ) ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is the motion of Plaintiff United States Securities and Exchange Commission ("SEC") to appoint Damasco & Associates, LLP ("Damasco"), as tax administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case [Doc. 4]. The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 5].

### **I.   BACKGROUND**

On August 31, 2009, the SEC filed a complaint against Defendant Sarath B. Gangavarapu ("Defendant") alleging that Defendant misappropriated material, non-public information regarding the acquisition of Covansys Corporation ("Covansys") by Computer Sciences Corporation ("CSC"). According to the complaint, Defendant used that information to purchase a large volume of Covansys stock in the days before the acquisition. The SEC alleges that the stock price rose after the public announcement, and Defendant profited in the amount of $361,761.56. The complaint also alleged that these facts gave rise to violations of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5.

On the same day the complaint was filed, Defendant consented to a final judgment pursuant to which Defendant was ordered to pay disgorgement in the amount of $361,761.56 plus

prejudgment interest and a civil penalty of $361,761.56. Defendant did not admit or deny the allegations of the complaint, except as to jurisdiction. The final judgment was entered by this Court on September 17, 2009.

The SEC represents that after entry of the final judgment, Defendant paid a total of $408,169.68 of prejudgment interest and disgorgement to the Clerk of this Court (the "Distribution Fund"), which was deposited in an interest bearing account. According to the SEC's motion, the Distribution Fund is a Qualified Settlement Fund ("QSF") under 26 U.S.C. § 468B(g) and related regulations. Accordingly, the SEC moves pursuant to those regulations for the appointment of a Tax Administrator who can "take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by" the relevant provisions. Specifically, the Tax Administrator would ensure that taxes were paid from the Distribution Fund in a manner consistent with the regulations applicable to QSFs. The Tax Administrator, further, would be compensated out of the Distribution Fund pursuant to the agreement between the SEC and the Tax Administrator. Defendant has not objected to the SEC's motion and is hereby deemed to have waived any objection the motion pursuant to E.D.TN. LR 7.2.

## II. ANALYSIS

Subject to certain exclusions not present here, an account is eligible as a QSF if it is established by order of the United States, subject to the continuing jurisdiction of the United States, established to resolve a claim for liability arising out of a violation of law, and segregated from the assets of the person who transferred the money into the account. 26 C.F.R. § 1.468B-1(a), (c), (d)(1), and (g). I **FIND**, as the SEC states in its motion, that the Distribution Fund meets the

definition of a QSF. As a QSF, the Distribution Fund is subject to taxation as provided by 26 C.F.R. § 1.468B-2. In order to comply with the requirements of that section, the Court is empowered to designate a tax administrator ("Administrator"). 26 C.F.R. § 1.468B-2(k)(3)(i). The Administrator is responsible, among other things, for filing the tax return for the QSF. *Id.* Furthermore, the Court may permit the Administrator to charge reasonable fees pursuant to an agreement with the SEC, subject to the Court's approval. *See SEC v. Bear, Stearns & Co.*, 2005 WL 2108670, at *7 (S.D.N.Y. 2005).

I **FIND** that the Proposed Order submitted by the SEC [Doc. 4-1] is compatible with the applicable regulations. The Proposed Order would appoint Damasco as Administrator of the Distribution Fund and would require Damasco to comply with the requirements applicable to QSFs. The Proposed Order also provides for the compensation of Damasco for its duties as Administrator, pursuant to prior agreement with the SEC and subject to the Court's approval. Accordingly, I **RECOMMEND**[1] entry of the SEC's Proposed Order [Doc. 4-1].

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).